CASANUEVA, Chief Judge.
 

 William R. Harvey appeals final orders in three circuit court cases disposing of his motion for postconviction relief founded on Florida Rule of Criminal Procedure 3.850. Because the postconviction court’s orders failed to address the ineffective assistance of counsel claims or attach those portions of the trial record that conclusively refute these claims, we reverse.
 

 For crimes of kidnapping and sexual battery committed in 1992, Harvey was sentenced to incarceration followed by probation. During his probationary term, he allegedly committed two new crimes. He admitted violating probation and pleaded guilty to the new crimes. The court revoked his probation and imposed further prison terms for the kidnapping and sexual battery offenses. The court also imposed concurrent prison terms for the two new offenses.
 

 Following the revocation of probation, Harvey timely sought postconviction relief. His rule 3.850 motion asserted errors in the judgment and sentencing documents in all three cases and ineffective assistance of counsel in advising him to plead to the violation of probation and the two new charges. At the evidentiary hearing scheduled to resolve his motion, his post-conviction counsel and the assistant state attorney reached an agreement resolving the errors apparent on the judgment and sentencing documents. But for reasons unknown, the hearing concluded without taking evidence on or resolving the ineffective assistance of counsel claims. The postconviction court’s final orders corrected the judgment and sentencing documents but did not dispose of the various ineffective assistance claims, either procedurally or substantively. Neither did any order have attachments conclusively refuting Harvey’s ineffective assistance claims.
 
 See Hempstead v. State,
 
 980 So.2d 1254 (Fla. 2d DCA 2008) (reversing a summary denial of postconviction relief because the postconviction court did not adequately address a claim and the order and attachments did not conclusively refute the claim). So Harvey appealed the orders, arguing that his ineffective assistance claims must be addressed, but the orders correcting the judgment and sentencing documents need not be because they properly resolved those errors.
 

 On appeal, the State concedes that a proper evidentiary hearing is necessary to resolve the overlooked claims of ineffective assistance of counsel.
 
 See House v. State,
 
 869 So.2d 1229 (Fla. 2d DCA 2004). Therefore, we reverse the orders in these three cases that failed to address the ineffective assistance claims and remand for an evidentiary hearing.
 

 KELLY and CRENSHAW, JJ., Concur.